Thank you very much. So yes, Matthew Pritchard representing the city defendant appellees in this matter, or excuse me, appellants in this matter. May it please the court. The city defendant, or the city employee defendants in this case, are entitled to qualified immunity, both because the district court erred in holding that Gratech stated a claim under the First Amendment and Due Process Clauses, and because if Gratech did state a claim, it was not clearly established as necessary to overcome the qualified immunity defense at the second part of the qualified immunity analysis. We therefore ask that this court reverse the district court's order denying the defendant's motion to dismiss on qualified immunity grounds. Starting with the First Amendment claim, the threshold requirement of any unlawful retaliation claim is that the plaintiff alleged that it engaged in speech on a public concern. Importantly in this case, the question whether speech actually qualifies it as a public concern and therefore rises to the level that it receives its First Amendment protection, that question is a question for this court to decide objectively based on the actual factual allegations in a complaint. The court does not accept the characterizations of a complaint or of counsel. The court does not accept labels that say speech implicates matters of efficiency or that is political or social or anything of that nature. The court decides for itself based on the actual factual allegations of the speech itself and the content, form, and context of that speech, whether in fact it does implicate these broader issues such that the First Amendment is actually at play. In this case, Your Honors, it would be hard to imagine speech that is farther removed from what this court has characterized as a public concern than the particular speech that Gratech alleges. If the complaint had detailed safety concerns, so they have this allegation about raising a concern about safety and I think as I understand it your argument is it's not detailed enough to know that it really is a public concern, but in theory there could have been, maybe depending on what the real facts are, much more elaborate allegations about raising concerns about safety and how people were going to be injured in this park. Wouldn't you acknowledge that if that had been what the complaint looked like there would be a public concern? I acknowledge that if the speech specifically spoke to broader issues of public safety within the City of San Jose and perhaps the City of San Jose's methods of dealing with public contractors on public projects, it could, in theory, yes, it could involve something of a public concern. The problem is, as Your Honor points out, not only is there a lack of detail of allegation relating to anything in the nature of actual safety speech, even if there had been some safety speech, there's no question here when you look at especially the form and context in which that would have arisen, that that would have been only some kind of incidental part of what is plainly an internal grievance about cost, about the amount of cost. I'm not sure that we know that necessarily. What I'm wondering is if we agree with you that this complaint is inadequate, should they be given leave to amend? Because I'm not sure how we can know that it's not possible that they could allege the things that you're saying they should, they would need to. Well, it's always possible that an appellant can come up with new facts that aren't in any way suggested in an original complaint, but I don't think that's reason for the court to allow further amendment, especially given that Gray Tech has, in fact, already amended its complaint in this case. Counsel, may I interject a question on this issue? Because in my mind, the whole question of further amendment seemed premature. To me, the initial question that I wanted to pose to both you and Mr. Tilner was whether, because this is a dismissal with no discovery and because qualified immunity can sometimes be raised at a summary judgment level after there's been a record developed, would it make more sense in this case to send it back for proceedings that would with the express recognition that qualified immunity could be reasserted at the time that a merits decision was addressed? Your Honor, no, that would not be a proper way, I think, to respond here. And if I could explain why in, you know, Iqbal, Ashcroft v. Iqbal, it's most known, of course, for the pleading standards stuff, but what that decision also established is that on a motion to dismiss where qualified immunity is raised as a defense and there's an appeal taken up, an interlocutory appeal, as in this case, of that issue, the court does not hold this sort of case for discovery or for the procedural developments. Because qualified immunity is an immunity from suit and it's an immunity from having to go through the burdens of discovery and that sort of thing, and this case is a perfect example of it. These city employees, if indeed as we submit they're entitled to qualified immunity on this claim, they should not have to go through further procedures, Your Honor. They shouldn't have to have to go to summary judgment. This court has said that multiple times. I know because I was involved, sorry, Hernandez v. Sanford. I think you're right if it's clear that they're entitled to the immunity, they shouldn't have to go through it. But the court has said that multiple times. I know because I was involved, sorry, Hernandez v. Sanford. I think you're right if it's clear that they're entitled to the immunity, they shouldn't have to go through further procedures, Your Honor.  Hernandez v. Sanford. I think you're right if it's clear that they're entitled to I think the law would say that if there is a public concern at issue and if any part of the decision to retaliate against a person was based on that expression of public concern speech, then that would be sufficient to let the case proceed and then it would be up to the city under the Mount Healy and sort of that analysis and the Pickering stuff to then establish maybe that there was other reasons for its decision or that it would have made that decision not withstanding the protected speech. But here we don't have to do that because there is no protected speech, nothing resembling protected speech alleged in the complaint that should justify making these city employees have to undergo the process of discovery and the burdens of litigation. That's truly, this is exactly the purpose I would submit, Your Honor, for qualified immunity. This case exemplifies it. You, when you have a complaint that has just these kind of threadbare, conclusory claims of public concern speech that throws around labels like, oh, this is about efficiency, this is about safety, much like the court, much like has happened in multiple other cases where the court has on the pleadings disposed of a case. Weeks is an example of this. The Turner decision that two of the judges on the court today were involved in, those were on the plaintiff to say, here's this particular speech I engaged in, here's why if you look at the content, form, and context of that speech, it shows that, in fact, I engaged in speech on a matter of public concern. Yes, Judge Wallace. Can I ask a question? Having been a district judge, I go back and read what the district judge says. Here the magistrate judge gave you a 21 page outline. If it's as simple as you say, I would think that would be five pages instead of 20 pages, so I'm looking at the district magistrate judge. What is the magistrate judge trying to do? The magistrate judge is trying to get into position so that he or she is done with the case, and if you want to appeal, you will have a full record. It seems to me, as I read that long opinion, he's telling you, he's begging to get more information so he can make an effective opinion. That is, if we had him come here and argue, he'd say, but I'm not ready, there's some more things that need to be done. There's nothing in his opinion that I saw that he finalized the case. It seemed to me he was giving direction as to what's to happen next. Maybe after summary judgment, there would be something material. What do we do in a case when the person who's closest to the case appears to say, give some direction to counsel, let's go on to summary judgment, and then we can go from there? Are we foreclosed from understanding the nature of the case, that it would be far better, even though it isn't an error for you to appeal? Are we better off allowing that case to come back? This is not an easy case. It has a lot of technicalities if it goes on further and we send it back. What's your take on that? My take, Judge Wallace, is I think your instinct is right that there are often situations where district courts and magistrate judges, they're in a better position to really have a handle on the facts and things. What makes this so different, though, is that this is a pure question of law, the question of the adequacy of a pleading. If you put yourself back into district courts or district judges' shoes, you, when you're faced with a motion to dismiss based on qualified immunity or really under any circumstance, you are required to look at the pleadings. You're not looking at facts. You're not looking at anything more broadly, and you're deciding, what do these factual allegations justify subjecting these defendants, especially in light of qualified immunity, to continued burdens of litigation to have to go on through these years, sometimes, of discovery? That is a purely pure question of law that the court was obligated, the district judge here or the magistrate judge was obligated to look at that question and decide, are these pleadings adequate, especially in light of qualified immunity, but even without, are these pleadings adequate to establish speech on a matter of public concern and retaliatory animus that connects the speech to the actual adverse actions taken? Those allegations are wholly absent, and my submission is that the magistrate judge here eschewed his duty to actually decide that issue of law and instead kind of said, let's just see where the facts take us as time goes on. But that's not a motion to dismiss, much less a motion that is based on qualified immunity, at least in part. The district judge was obliged to say, what is the content, form, and context of the speech? Does it show a public concern? What the court should have said is, of course, it does not. This is a narrow, private dispute about costs on a public project. And Judge Friedman... Can I bring you back to the question about amendment? Because you started to say that they shouldn't have a chance to amend because they amended before. But here, the district judge thought that the complaint was adequate. So no one has ever said, this complaint is getting dismissed because the public concern allegations are too vague. Why shouldn't they have a chance to amend to add to the allegations? And if they can't, they can't. But if they can, they can. Well, you know, I don't think that amendment is necessary. Your Honor, I would say that it would not be, given the history of the case, given that they have, that the plaintiff in this case had ample opportunity already to amend, after a motion to dismiss that raised all of the concerns that I'm bringing to Your Honors today. It set forth all of the problems with this complaint. They had the chance to amend. They did amend. They threw in everything they possibly could, I think, to try to create a public concern, including these kind of statements about efficiency and safety and all of this. They have simply been unable to come up with the facts. But if the court, at the end of the day, if the court thinks that amendment is necessary, that still would require vacating the district court's order. And it has to be clear, I think, on remand that this is a question the district court's required to consider, and it has to take the public concern inquiry and the entire first amendment inquiry seriously in light of those instructions. I'd hope to reserve three minutes, but I've gotten through just a little. You've properly been responding to questions from an active panel with interest in the case, so don't worry about your time. Whatever is said by Mr. Tilner, we'll later give you your three minutes. Thank you, Your Honor. Well, then I suppose what I should do then is I'll reserve the time I have now as part of the three minutes and let Mr. Tilner have his go. Thank you very much, Mr. Bridger. Mr. Tilner, we've given you a lot to think about off the cuff here, but I'm sure you'll have a view on some of these issues. Yes, Your Honor. Thank you very much and good morning. Mitch Tilner for the Appellees, Grade Tech, and Mr. Sam Rabinius. I will focus on the first amendment retaliation claim, which has been the topic of interest so far this morning. I would like to say, Judge Friedland, you really anticipated one of my arguments here about amending the pleading. We feel the pleading is sufficient as it stands. It alleges matters of public concern. This court has held that threats to public safety are matters of public concern, mismanagement of public projects is a matter of public concern. Grade Tech's pleading alleges both of these matters of public concern. For example, in paragraph 51 of the first amended complaint, Grade Tech alleges that throughout the year and a half project, Grade Tech voiced to the city a Grade Tech's concerns over the management, efficiency, and safety of the project. We can't actually tell that that's public safety as opposed to safety of the contractor workers, right? The complaint does not specify whose safety was at issue, true, but if the court feels more details are necessary and more specifics are necessary, as Mr. Pritchard suggested, Grade Tech certainly can and will amend this complaint. If I may, I'll give you a preview of what Grade Tech will allege if it's permitted to amend. First, Grade Tech will allege that throughout the project, on site, as it was building these hazardous jumps for bicycle riders to use, the consultant required changes to make them higher and bigger. A jump of three feet, for example, would be changed to a six-foot jump or a seven-foot jump, and there were roughly 60 jumps on the project. The vast majority of them were ordered changed in the field. In a departure from the plans, Grade Tech urged the city to review the design as built to ensure the safety of that project before it was open to the public. So can I ask you, I didn't see anything in your brief asking for a leave to amend or mentioning anything about how you would amend. Could you explain why we shouldn't deem that a waiver? Your Honor, it was really not until the reply brief that we realized the city's argument, the defendant's argument, was these are just labels. These are just conclusions. There aren't enough details in there. So this is our first opportunity to say, well, we have the details. We think the complaint is sufficient. The judge below thought the complaint was sufficient. If this court disagrees, we've got the details to that Mr. Ravinious told one of the defendants that he would inform the City Council how wrong this very public project has gone. So taking the issue to the City Council would certainly be a matter of public concern. We would allege that Grade Tech urged the city to install fencing around the perimeter of this bike park to prevent unauthorized use of the attractive but dangerous facility by bike riders. Grade Tech would also allege it urged the city to develop a suitable maintenance and staffing plan to ensure the ongoing maintenance and safety of the project so that it would not become more of a safety hazard. So certainly the details are there. If the city has evidence that it acted properly in dealing with Grade Tech, it can certainly present that at summary judgment or at trial. Councillor, I want to ask you a question about that. Assuming that we don't decide in favor of Mr. Pritchard's argument to give an immediate qualified immunity ruling and affirming, or I mean rejecting the appeal, would you agree that the issue of qualified immunity could be raised again after discovery in proceedings if parties marshal affidavits and arguments on summary judgment? Yes, I would agree with that, Your Honor. I think the cases are very clear that a party who fails to demonstrate qualified immunity on the pleadings can raise the issue again at summary judgment. Yes, I think. I'm going to come up with a far-fetched hypothetical and just test that question. In my mind, let's say that there was a lot of contentions about safety and they were clarified to be public safety, but that in the discovery process, the City of San Jose was able to find somebody who'd talked to the Chief Executive Officer of our high-ranking officers of Great Tech, and they'd been told that we really don't think this is a real issue. We're just bringing it to get some leverage to get some more money on our contract through a change order or something. Would there still be a matter of public concern, or would that resolve it? Your Honor, the cases indicate that, including cases from this Court, that when a contractor speaks on both matters of private concern and public concern, the First Amendment is implicated. The fact that Great Tech spoke on issues of interest to itself, it's interesting getting paid for the project, well, certainly that was part of the discussion. But the Highland case from this Court and others say the First Amendment protects speech that combines both public and private concerns. That's our case. We have a contractor who was interested in getting paid, but was also concerned that this project was being distorted from the plans on site as it was being built. Is there any law in our circuit or the Supreme Court that addresses whether the quantum of private versus public concern matters at all as to whether it gets First Amendment protection? Your Honor, I'm not aware of a case that quantifies the balance between public and private concerns. I believe the cases are fairly generous and liberal in crediting a public concern, even if it's not the predominant topic of the discussion. And I'd be happy to provide supplemental citations if the Court's interested. But I believe the law is if there is a legitimate public concern in the speech and there's a retaliation for that, that's a First Amendment problem. Even if the contractor's private concerns and interest in getting paid, etc., even if those are also involved or even if they predominate. So that seems to be our case. Does that mean that a general contractor, in any case where they have a claim against a public entity, a city, can insulate the claim from qualified immunity by inserting a sentence in their complaint reciting some public concern? Your Honor, if it's a legitimate expression of public concern, I would think the First Amendment would be implicated. If the record shows it was a ruse or there was no serious concern, that may be a different case. But if it's part of the speech and there's a basis for it, I would think that would be sufficient to trigger the First Amendment. Okay, thank you. Am I understanding correctly that you agree with the premise that under Iqbal, we do need to decide whether this complaint states a claim for First Amendment retaliation at this point, and you're just arguing about whether it actually does rather than some argument that at this stage it's premature to ask that question? Yes, this is a motion to dismiss based on the face of the pleading. So the issue before the court is whether the facts alleged, viewed most favorably to grade tech, support a finding that there was a constitutional violation. Yes, it's based on the face of the pleading. It's not based on extrinsic materials, such as those included in the excerpts of record by the appellant. This is a face of the pleading analysis. And as I've said, I believe on the face of the pleading, we have shown that grade tech spoke on a matter of public concern matters. But as I understand it, before Iqbal, our court may have had the view that at a motion to dismiss interlocutory appeal for qualified immunity, the only question we could was clearly established law and not the merits of whether a complaint was stating a claim. And I don't understand you to be asking us to sort of re-invoke that idea. You do think we need to decide whether the complaint states a claim? The question is not really whether the complaint states a claim. The question is whether the facts plausibly support a finding of a constitutional violation, an infringement of a clearly established constitutional right. It's not really an analysis, a typical 12B6 analysis where you're asking, have you stated a claim? It's have you stated facts that plausibly support a finding there was a violation of a clearly established constitutional right. So it is a face of the pleading analysis, but the facts are viewed most favorably to grade tech. I think that's always true when we ask whether a complaint states a claim, right? I think that's just a different way of saying the same thing in my view. Yes, Your Honor, that's right. I think if I've covered the questions the court had, I believe, and I think I've responded to Mr. Pritchard's points. There are other points, of course, in the briefs, but since they didn't come up in the opening, I don't know that I need to address them. We haven't talked about the motivation behind the city's actions, but since... Can I ask you one question about the substantive due process claim? Can you point us to any case that has held that violation of an alleged contractual interest was so shocking to the conscience to be a substantive due process violation? I can point you to cases that say that can support a violation. I don't know that I have a case that holds that a cancellation of a contract was shocking and disrupted the interest implicit in the concept of ordered liberty, that sort of thing. No, Your Honor. All right, if there are no further questions... I have no question at this time. Thank you. Thank you very much. Judge Ballas. Okay, then we'll hear from Mr. Pritchard on rebuttal, and we put three minutes on the clock. Thank you for that, Your Honor. Let me start just with a quick... I want to read something from DeRocher's at page 711. The court says, fact that speech contains passing references to public safety incidental to the message conveyed weighs against a finding of public concern. I think that's pertinent, and that's responsive to Judge Gould's questions about this quantum of speech that might be needed to invoke the First Amendment. When the speech is merely incidental, when it's merely sort of one component of a larger contextual kind of complaint that an employee or contractor has that has nothing to do with public issues, that does not implicate the grand sort of concerns of the First Amendment, and that's the kind of case that we have here. I heard from, and it sounds to me from the court's questions, that the court is at least contemplating remanding the case for an opportunity to amend, and if I can just make a plug against why I think that should... why I think that should not happen. Again, the qualified immunity should be ending this case at this particular stage right now. We just heard from Mr. Tilner about a number of ways that Graytech might amend the complaint, and it might have included these allegations, but I didn't hear anything that would actually make this a clearly established violation of First Amendment law. What I heard were several things where Graytech may have mentioned things in the nature of the project shouldn't be expanded in ways that counsel can argue later on might be dangerous, but that's different from saying, here's speech where a contractor said, here are dangers that the city or that the government here is causing, especially at some kind of broader level, that the public should be aware of. You don't have anyone going to the public. You don't have anything in the nature of an expression of concern for the public. You have, here are some changes to a project, and I don't like that that's mentioned were amended. You can't say that only the clearly incompetent or, excuse me, plainly incompetent or knowingly violative of the law official, to use Millinex versus Luna's formulation, would have known that stopping work with this irresponsible contractor, who it had found to be irresponsible, would violate the First Amendment or due process clause or anything else. This really is a qualified immunity at the pleading stage, and there's no need for amendment, which would be futile under the circumstances, because even with amendment, it wouldn't overcome that hurdle of qualified immunity at the pleading stage. So what this case I think really exemplifies in many ways, you've got a number of labels that are thrown into a complaint, all of which have been rejected multiple times by this court as insufficient. You have kind of concepts of shock the conscience and other things that are inherently nebulous and have no application to the context of an employment dispute or a contract dispute. Collins versus City of Harker Heights is clear about that. You have an attempt to constitutionalize a fairly anodyne contract dispute, a public contractor complaining about money, and the attempt to constitutionalize that and use that as a cudgel against a number of city employees who were sort of vaguely involved in the disqualification process. I wasn't able to get to some of the lack of nexus between the employees here and the adverse actions that are alleged years after this alleged speech. Because I'm out of time, I won't get to that. So I'll have to ask the court simply, based on the fact that there is no clearly established right that's violated under these allegations or under even the proffered allegations here, we ask that the court reverse, or at a minimum, that it vacate the district court's order on qualified immunity grounds. Okay. Thank you, Mr. Pritchard. Unless there are questions from Judge Friedland or Judge Wallace, this case shall now be submitted. And I just want to reiterate what I said at the outset. The court really appreciates both of you appearing before us and giving your excellent advocacy. It's a difficult case, raising difficult issues, and the parties will hear from us in due course. At this point, with thanks to Mr. Pritchard and thanks to Mr. Tilder, the Gray Tech v. City of San Jose case shall be submitted. Thank you, Judge Gold. Thank you, Your Honors.
judges: Wallace, Gould, Friedland